UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANWAR MOHAMED ABDI,

    Plaintiff,

v.

ERIC HOLDER, and
BARACK OBAMA,

    Defendants.

---

Civil No. 12-1988 (DWF/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue President Barack Obama and Attorney General Eric Holder for "Violation of Hatch Act 1939." (Complaint, [Docket No. 1], p. 3, § 4.)[1] The

---

[1] The "Hatch Act" commonly denotes two laws passed in 1939 and 1940 which restrict the political activities of public employees. One part covers federal employees. 5 U.S.C. § 7321 et seq., 53 Stat. 1147 (Aug. 2, 1939). The second part applies to employees of state and local agencies that receive federal funds. 5 U.S.C. § 1501 et seq., 54 Stat. 767 (July 19, 1940).

Bauers v. Cornett, 865 F.2d 1517, 1520 (8th Cir. 1989).

substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "European Nazis, American Nazis Muslim Brotherhood robbing and killing Somali Americans for their nationality, creed and wealth: 1989 to 2012."

(Id., p. 4, ¶ 7.)

Based on this brief cryptic allegation alone, Plaintiff is seeking legal redress described as follows:

> "Remedy for Hatch Act 1939 violations, U.S. Code violations by Justice Department Sec. Mr. Eric Holder Damages: 1000,000 [sic] U.S. Dollars."

(Complaint, p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be

clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state any actionable claim for relief, because it does not allege any specific historical facts that could entitle Plaintiff to any judgment against either of the named Defendants under any conceivable legal theory. The complaint does not describe anything that either Defendant did (or failed to do) that could be viewed as a violation of the Hatch Act, or any other federal law or doctrine.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Again, Plaintiff has not described any facts that could entitle him to any legal redress against the named Defendants (or anyone else) under any legal theory. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be

**DENIED**; and

      2.   This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:   August 15, 2012


                                          *s/ Arthur J. Boylan*
                                          ARTHUR J. BOYLAN
                                          United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 3, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.